**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02411-REB-CBS

KIRBY MARTENSEN,

      Plaintiff,

      v.

WILLIAM KOCH and
DOES 1-25, inclusive,

      Defendant.

---

**PROTECTIVE ORDER**

---

1.   <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be

warranted. The parties acknowledge that this Order does not confer blanket protections

on all disclosures or responses to discovery and that the protection it affords from public

disclosure and use extends only to the limited information or items that are entitled to

confidential treatment under the applicable legal principles. The parties further

acknowledge, as set forth in Section 12.3, below, that this Protective Order does not

entitle them to file confidential information under seal; D. C. Colo. L. Civ. R. 7.2 sets

forth the procedures that must be followed when a party seeks permission from the

court to restrict public access to materials filed with the court.  The parties further acknowledge that nothing in this Protective Order modifies their obligations under Fed. R. Civ. P. 26(g).

2.      DEFINITIONS

2.1.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7.   House Counsel:  attorneys who are employees of a party to this action. House Counsel expressly includes attorneys employed by Oxbow Carbon LLC and its affiliated companies.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8.   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9.   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10.  Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11.  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14.  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings,

remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.   <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Receiving Party shall be obligated to promptly inform any other person or persons to which the Receiving Party or his Counsel has provided the Discovery Material of such notification.

Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

Protected Material produced without the designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be so designated subsequent to

production if the Producing Party failed to make such designation at the time of production through inadvertence, error or neglect. If Discovery Material is designated subsequent to production, the Receiving Party  shall promptly collect any copies that have been provided to individuals and/or entities so that they can be re-labeled with the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation. Additionally, if the Receiving Party is not authorized to be in possession of the materials as a result of their subsequent designation, such Receiving Party shall promptly deliver all such materials to Counsel for the Receiving Party, and shall provide notice and a certification to the Designating Party that all such materials, including any copies thereof, have been delivered to Counsel for the Receiving Party. With respect to any documents independently or separately created by the Receiving Party which incorporate, reference or mention such materials or information, the Receiving Party shall certify to Designating Party that all such documents, and any copies thereof, have been destroyed.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.     Timing of Challenges.  Any Party may challenge a designation of confidentiality within a reasonable period of time after the designation. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed; but in any event the challenge must be made within a reasonable period of time after the designation.

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice to Outside Counsel of each specific designation on each document it is challenging and specifically describe the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under D. C. Colo. L. Civ. R. 7.1 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will

not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case

only for prosecuting, defending, or attempting to settle this litigation. Such Protected

Material may be disclosed only to the categories of persons and under the conditions

described in this Order. When the litigation has been terminated, a Receiving Party

must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

7.2.     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party

may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as

well as employees of said Outside Counsel of Record to whom it is reasonably

necessary to disclose the information for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the Receiving Party, its House Counsel, and, as applicable, its

officers, directors, and employees to whom disclosure is reasonably necessary for this

litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3.    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's House Counsel and Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)      Experts (as defined in this Order) of the Receiving Party and their necessary support personnel, provided that disclosure is only to the extent necessary to

perform such work; and provided that: (i) such Expert or support personnel has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all other parties pursuant to Section 7.4, below;

(c)     Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this Litigation;

(d)     The Court, jury, and court personnel (under seal or with other suitable precautions determined by the Court);

(e)     Graphics, translation, design, and/or trial consulting services, and electronic discovery vendors, retained by a Party to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g)     Any other person with the prior written consent of the Designating Party.

7.4.   <u>NOTICE OF DISCLOSURE</u>

(a)     Experts or consultants receiving Protected Material shall not be a current (nor anticipated at the time of retention to become an) officer or director of, nor employed directly or indirectly by, any entity or person who competes, directly or

indirectly, with the Designating Party, or any of the Designated Party's affiliated or related companies.

(b)     Prior to disclosing any Protected Material to any person or entity described in Paragraphs 7.2(c) or 7.3(b) ("Person"), the party seeking to disclose such information shall provide the Designating Party with written notice that includes: (i) the name and contact address of the Person; and (ii) the present employer and title of the Person; and (iii) an up-to-date curriculum vitae of the Person.

(c)     Within ten (10) business days of receipt of the identity of the Person to whom Protected Material is proposed to be disclosed, the Designating Party may, for good cause, object in writing to the Person's receipt of the Protected Material. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) business day period. In the absence of an objection at the end of the ten (10) business day period, the Person shall be deemed approved under this Order. If the Designating Party objects to disclosure to the Person within such ten (10) business day period, the parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five business (5) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed waived. If relief is sought, the Protected Materials shall not be disclosed to the Person in question until the objection is finally resolved by the Court.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed Person will, advertently or inadvertently, have the ability or potential ability to use or disclose Protected Materials in a way that is detrimental to the legitimate business interests of the Designating Party, or any of the Designated Party's affiliated or related companies, which is inconsistent with the provisions contained in this Order.

(e)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.       A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)       The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)       In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Such executed acknowledgment shall promptly be served upon the Designating Party. Compliance with the terms of this paragraph shall in no way serve to relieve a person responsible for such unauthorized disclosure from any liability for such unauthorized disclosure.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The inadvertent production by a Designating Party of Protected Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made after the Designating Party learns of his inadvertent production.

Upon notification from the Designating Party that he has inadvertently produced Protected Material that he believes is privileged and/or protected and/or otherwise not subject to discovery in this matter, the Receiving Party shall immediately return such Protected Material and all copies to Outside Counsel of Record for the Designating Party.

Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

12.    <u>MISCELLANEOUS</u>

12.1.   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2.   Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with D. C. Colo. L. Civ. R. 7.2. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4,

each Receiving Party must return all Protected Material to the Producing Party or

destroy such material. As used in this subdivision, "all Protected Material" includes all

copies, abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material. Whether the Protected Material is returned or

destroyed, the Receiving Party must submit a written certification to the Producing Party

(and, if not the same person or entity, to the Designating Party) by the 60 day deadline

that (1) identifies (by category, where appropriate) all the Protected Material that was

returned or destroyed and (2)affirms that the Receiving Party has not retained any

copies, abstracts, compilations, summaries or any other format reproducing or capturing

any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such

materials contain Protected Material. Any such archival copies that contain or constitute

Protected Material remain subject to this Protective Order as set forth in Section 4

(DURATION).

IT IS SO ORDERED.

DATED: <u>**31 Oct 2013**</u>

_____

Hon. Craig B. Shaffer
Magistrate Judge
District of Colorado

## **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety

and understand the Protective Order that was issued by the United States District Court

for the District of Colorado on [date] in the case of *Martensen v. Koch*, Civil Action No.

13-cv-02411-REB-CBS.  I agree to comply with and to be bound by all the terms of this

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Colorado for the purpose of enforcing the terms of this Protective Order, even

if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my agent for service of process in connection with this action or

any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____