**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02411-REB-CBS

KIRBY MARTENSEN,

    Plaintiff,

    v.

WILLIAM KOCH,
DOES 6-25,

    Defendants.

**DEFENDANT WILLIAM I. KOCH'S MOTION TO DISMISS
REVISED FOURTH AMENDED COMPLAINT AND TO STRIKE PORTIONS OF
REVISED FOURTH AMENDED COMPLAINT (DKT. 111, FILED 4/1/14)**

## I.  INTRODUCTION

Defendant William I. Koch respectfully moves to dismiss, under Fed. R. Civ. P. 12(b)(6), Kirby Martensen's claims of civil conspiracy and intentional infliction of emotional distress ("IIED") in his Revised Fourth Amended Complaint (Dkt. 111, or "4AC"), and/or to strike certain allegations under Fed. R. Civ. P. 12(f).

After being given numerous opportunities to correct deficiencies that Koch and the Court identified in connection with Koch's prior motions to dismiss, Martensen's latest pleading still fails to state plausible claims for relief as to either conspiracy or IIED. *First*, Martensen's conspiracy claim fails as a matter of law because, under the intracorporate conspiracy doctrine, officers, agents, and employees of the same corporate entities cannot conspire with one another.  *Second*, Martensen's IIED claim, which essentially complains of employment-related grievances, fails because Martensen does not (and cannot) allege two required elements of the tort, outrageous

conduct and severe emotional distress.  *Third*, Martensen's IIED claim should be dismissed because Martensen should have timely raised it as a counterclaim in Oxbow's first-filed lawsuit against him in Florida state circuit court.  *Finally*, the Court should strike all of the "new facts" that Martensen improperly inserted into the 4AC, in violation of the Court's instruction in its March 28, 2014 Order (Dkt. 106) that Martensen not include any new facts in his revised complaint.

## II.     BACKGROUND

The 4AC is Martensen's <u>sixth</u> pleading in this action.

- *Martensen's Original Complaint*: On October 11, 2012, Martensen filed his original complaint against Koch and unnamed Doe defendants alleging claims of false imprisonment, civil conspiracy, and 42 U.S.C. § 1983 conspiracy.  Dkt. 3.

- *Second Complaint*: On March 14, 2013, Martensen filed a First Amended Complaint (Dkt. 4), which asserted the same three claims against Koch.[1]

- *Third Complaint*: On October 23, 2013, this Court granted Martensen leave to file a Second Amended Complaint (Dkt. 38).  This complaint added an IIED claim based on new allegations that Koch wrongfully terminated Martensen, refused to pay him a bonus, and moved him to Singapore, purportedly to "discredit" and "deter" Martensen from reporting to the IRS alleged tax evasion relating to one of the Oxbow entities.

- *Fourth Complaint*: On December 26, 2013, Martensen filed a motion for leave to file a Third Amended Complaint, which this Court granted on January 7, 2014.

---

[1] Martensen abandoned his § 1983 claim after the California district court dismissed it.

Dkt. 66. The Third Amended Complaint added five defendants (Oxbow Carbon LLC, Oxbow Carbon & Minerals LLC, Oxbow Carbon & Minerals International GmbH, and Oxbow's former and current General Counsels), additional tax-related allegations, and a defamation claim against Koch.

- *Fifth Complaint*: On February 28, 2014 – after the December 28, 2013 deadline to amend pleadings had passed, and while the parties were awaiting the Court's decision on Koch's then-pending motion to dismiss – Martensen filed a motion for leave to file a Fourth Amended Complaint. Dkt. 95. This complaint omitted Oxbow's General Counsels as defendants and dropped the defamation claim against Koch. It contained new allegations regarding Martensen's IIED claim and an alleged tax evasion scheme involving Oxbow.

On April 1, 2014, Martensen filed his sixth complaint, the 4AC, which purports to state claims against Koch only and is the subject of the instant motion to dismiss.[2]

## III. ARGUMENT

A complaint must allege "facts to state a claim to relief that is plausible on its face," and a court must determine whether the allegations establish that the claim is "plausible," not merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The burden is on the plaintiff to frame a complaint with enough factual matter

---

[2] On April 2, 2014, Koch's counsel sent a letter to Martensen's counsel pointing out that Martensen had improperly inserted new factual allegations in the 4AC, in violation of the Court's March 28 Order and the parties' agreement, and requesting that Martensen file a new complaint. *See* 03/28/14 Minute Order (Dkt. 106), at 1 (ordering Martensen to file a new complaint "reflective of the parties and claims moving forward while not adding any new facts") (emphasis added). Martensen refused to do so.

- 4 -

(taken as true) to suggest that he or she is entitled to relief.  Factual allegations must be enough to raise a right to relief above the speculative level." *Small v. Young*, 2013 U.S. Dist. LEXIS 156421, at *3 (D. Colo. Oct. 10, 2013) (Shaffer, J.).  "[A legal] conclusion [is] not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### A.     **Martensen's Civil Conspiracy Claim Should Be Dismissed.**

The 4AC's conspiracy claim should be dismissed for at least two reasons.  First, under the intracorporate conspiracy doctrine, the officers, employees and agents of a corporate entity cannot constitute the "two or more persons" required for a civil conspiracy.  *Zelinger v. Uvalde Rock Asphalt Co.*, 316 F.2d 47, 52 (10th Cir. 1963) (holding that "conspiracy cannot exist involving only a corporation and its officers or employees"); *Tufano v. One Toms Point Lane Corp.*, 64 F. Supp. 2d 119, 125 (E.D.N.Y. 1999) ("Under the intracorporate conspiracy doctrine, officers, agents, and employees of a single corporate entity are legally incapable of conspiring together").

The intracorporate conspiracy doctrine extends not only to a corporation's officers and employees (like Koch), but also to a corporation's agents (like Elroy).  In this circuit, "it is recognized law that . . . a corporation[] cannot conspire with itself and that the agents and employees of the entity acting within the scope of their duties on behalf of that entity are not conspirators." *Johnson v. Boulder County*, 2006 U.S. Dist. LEXIS 54194, at *11 (D. Colo. Aug. 4, 2006); *United States ex rel. Lacy v. New Horizons, Inc.*, 2008 U.S. Dist. LEXIS 73814, at *20, 21 (W.D. Okla. Sept. 25, 2008) (doctrine bars conspiracy claims between agent and principal and "was created to

shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be [illegal]").

The intracorporate conspiracy doctrine requires dismissal of Martensen's conspiracy claim because the 4AC alleges that the only purported conspirators were "Koch, Richard J. Elroy, [and] employees and agents of Oxbow."[3] 4AC ¶ 47. Each of these individuals is alleged to be an officer, employee, or agent of the Oxbow companies. *See id.* ¶ 10 (Koch is "founder, chairman, and majority owner of the Oxbow entities"), ¶ 29 ("Over the last twenty years, Elroy has been employed by Koch [and] Oxbow"). The alleged co-conspirators Martensen identified (Koch, Elroy, and Oxbow's "employees and agents") thus cannot constitute the "two or more" persons necessary to support a conspiracy, because the "single entity is [Oxbow] and all of the actors claimed to be within the conspiracy are agents and employees of [Oxbow]." *Johnson*, 2006 U.S. Dist. LEXIS 54194, at *11.

Second, the conspiracy claim also should be dismissed for failure to set forth specific allegations regarding the purported conspiracy, such as the specific roles or acts of the unnamed "employees and agents of Oxbow." *See* 4AC ¶ 47; *Greenway Univ., Inc. v. Greenway of Ariz., LLC*, 2012 U.S. Dist. LEXIS 68811, at *25-26 (D. Colo. May 17, 2012) (dismissing civil conspiracy claim under Fed. R. Civ. P. 8 where court "cannot determine who is supposed to have performed what acts" and could not "discern whom plaintiff alleges to have taken what acts to constitute a civil conspiracy").

---

[3] The Oxbow entities are also legally incapable of conspiring with each other or with each other's employees. *See* 4AC ¶¶ 6, 7 (alleging parent-subsidiary relationship among Oxbow entities); *Pizza Mgmt., Inc. v. Pizza Hut, Inc.*, 737 F. Supp. 1154, 1166 (D. Kan. 1990) (parent and subsidiary cannot be liable for conspiring with each other).

Even with the 4AC's newest allegations regarding Elroy, the 4AC still does not specify what acts Koch supposedly took, what acts Elroy supposedly took, and what acts were supposedly taken by other agents and employees of Oxbow in furtherance of the alleged conspiracy to falsely imprison Martensen.

**B.     Martensen's IIED Claim Should Be Dismissed Under Rule 12(b)(6).**

As the Tenth Circuit has explained, "tort law sets a high bar for . . . intentional infliction of emotional distress claims." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1225 (10th Cir. 2007).  To state a claim for IIED, a plaintiff must plead: "(1) the defendant engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing the plaintiff severe emotional distress."  *Ayon v. Kent Denver Sch.*, 2013 U.S. Dist. LEXIS 59925, at *10 (D. Colo. Apr. 26, 2013).  As addressed below, Martensen has not sufficiently alleged the required elements of the tort.

         1.     Martensen Does Not Allege Extreme Or Outrageous Conduct.

Martensen's IIED claim should be dismissed because he has failed to allege "utterly intolerable" and "atrocious" conduct.  *Id.* at *10.  Liability lies "only when the plaintiff can prove conduct so outrageous in character, and so extreme in degree, so as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Id.*  The Tenth Circuit has affirmed dismissal of IIED claims based on far more egregious conduct than that alleged here.  *See Scott v. Hern,* 216 F.3d 897, 912-13 (10th Cir. 2000) (affirming dismissal where defendants allegedly caused plaintiff's involuntary commitment to mental institution by,

among other things, making false statements to officials and improperly obtaining confidential medical information).

Further, it is well settled that "[c]laims for intentional infliction of emotional distress will not lie for mere 'employment disputes,' and the range of behavior covered in 'employment disputes is quite broad.'" *Pree v. Farmers Ins. Exch.*, 2013 U.S. Dist. LEXIS 43728, at *20 (E.D. Tex. Mar. 27, 2013). Courts in this Circuit have held that "[t]he several cases in this jurisdiction addressing the issue have made it abundantly clear that an allegation by an employee that he was dismissed or demoted wrongfully . . . fails to state a claim for intentional infliction of emotional distress." *Therrien v. United Air Lines, Inc.*, 670 F. Supp. 1517, 1524 (D. Colo. 1987); *see Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381, 383-84 (10th Cir. 1988) (reversing trial court's judgment in favor of plaintiff where employment-related grievance and age discrimination could not establish IIED); *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988) ("it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery").

Martensen's claim is based on employment-related misconduct, and his allegations fall far short of being "utterly intolerable."[4] An IIED claim cannot survive where it is based on an employee's allegations that he has been scapegoated,

---

[4] Martensen claims in paragraph 25 of the 4AC that he was "required" to move to Singapore. 4AC ¶ 25. This allegation conflicts with his claim in paragraph 19 of the 4AC that he moved to Singapore to obtain a substantial pay increase, handsome benefits and a promotion. 4AC ¶ 19 (Oxbow "gave Martensen a 40% salary increase" and paid him for the cost of two leased vehicles and his household expenses including rent, utilities, appliances and house cleaning "in exchange for relocating to Singapore" and promoted him to Senior Vice President-Asia). Martensen's inconsistent allegations about his move to Singapore do not support his IIED claim.

wrongfully terminated, or otherwise "punished" for alleged whistleblowing. *See Ayon*, 2013 U.S. Dist. LEXIS 59925, at *10 (dismissing IIED claim notwithstanding plaintiff's allegations that she was scolded by supervisor, deprived of bonus, placed on leave, and terminated because she reported employer's illegal practice to state agency); *Harris v. AmeriGas Propane, Inc.*, 2012 U.S. Dist. LEXIS 185884, at *11 (D. Colo. Dec. 5, 2012) (even egregious employment-related conduct, including defamation and scapegoating, did not constitute "a pattern of conduct from which the ineluctable conclusion is the infliction of severe mental suffering was calculated or recklessly and callously inflicted"); *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) (alleged "scapegoating" of employee to cover up employer's "extensive criminal" activities does not meet "exacting standard" required to establish outrageous conduct).

As for Martensen's allegations that the non-party Oxbow entities, not Koch, "caused" him a series of inconveniences relating to his termination and decision to return to California (such as "causing" him to break leases, not reimbursing him for relocation expenses after his termination, "causing" his children to miss school, allegedly surveilling Martensen in Singapore, and attempting to retrieve his Oxbow computer from his wife, *see* 4AC ¶ 51), the 4AC does not contain factual allegations that <u>Koch</u> had any personal involvement in such misconduct. *See Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1039 (D. Colo. 2012) (dismissing claims against executive because plaintiff's allegations "are insufficient to show his personal participation in the alleged torts"). But even if the 4AC sufficiently alleged Koch's personal involvement, these alleged acts are "indignities" or "annoyances" that cannot

as a matter of law support an IIED claim. *Bob Blake Builders, Inc. v. Gramling,* 18 P.3d 859, 866 (Colo. Ct. App. 2001) ("Liability [for IIED] does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities"; no IIED counterclaims where plaintiff withheld contract performance, withheld material information and attempted to modify agreement); *Beasley v. State Farm Fire & Cas. Co.*, 2008 U.S. Dist. LEXIS 78225 (E.D. Mich. Oct. 6, 2008) (no IIED claim where facts alleged "amount to nothing more than allegations that Defendant failed to pay a contractual obligation").

Nor can Martensen establish outrageous conduct based on his allegation that Oxbow filed a "vexatious" lawsuit (4AC ¶ 51). *See Lewis v. Strong*, 2010 U.S. Dist. LEXIS 53853, at *13 (D. Colo. June 2, 2010) (Blackburn, J.) (neither "mere filing of an unfounded lawsuit" nor failure to "more thoroughly investigate a charge" can support IIED claim). None of these acts, individually or in the aggregate, meets the "exacting standard" required to allege extreme or outrageous conduct. *See Coors,* 978 P.2d at 666 (alleged misconduct must meet "high level of outrageousness required by our case law" to survive dismissal); *see also Bob Blake Builders*, 18 P.3d at 866 ("The level of outrageousness required to create liability for intentional infliction of emotional distress is extremely high.").

### 2. Martensen Fails to Allege Severe Emotional Distress.

Martensen's IIED claim should be dismissed for the independent reason that, despite multiple opportunities, Martensen still does not adequately allege actionable "severe emotional distress."

Martensen conclusorily alleges in the 4AC that he suffered "anxiety and depression impacting his ability to sleep and other major life activities." 4AC ¶ 53. Other than this single paragraph, Martensen offers no specific details (the how, what, or when) about his purported severe emotional distress. *See* Dkt. 102-2 (02/24/14 Hrg. Tr.) at 55:15-17 (discussing requirement to plead specific facts of severe emotional distress, Court stating to Martensen's counsel: "Tell me how. Tell me in what way. Tell me when [Martensen] suffered severe emotional distress.").

In addition, courts consistently hold that anxiety and depression are not "distress so severe" that no reasonable person could endure it. *Yarbrough*, 2008 U.S. Dist. LEXIS 59477, at *25 ("claimed distress of 'loss of self-esteem, embarrassment, feeling depressed, and worry that she might not be able to provide for her family' is, without more, insufficient as a matter of law to prove severe emotional distress"); *Nowlin v. K Mart Corp.*, 50 F. Supp. 2d 1064, 1074 (D. Kan. 1999) (plaintiff's claim that he suffered "hopelessness and depression, and that he withdrew from relationships and activities" did not constitute severe emotional distress, particularly as plaintiff "never sought treatment for these conditions" and "failed to point to any physical manifestations of his distress"); *see also Geeslin v. Bryant,* 453 Fed. Appx. 637 (6th Cir. 2011) (anxiety and sleeplessness do not establish distress); *Jones v. City of Dallas*, 2001 U.S. Dist. LEXIS 13236, at *17 (N.D. Tex. 2001) ("loss of sleep and undue stress . . . do[ ] not rise to the level of 'severe emotional distress' as a matter of law").[5] The garden-variety "distress"

---

[5] Martensen has already admitted that he has never sought medical or psychological treatment for any alleged severe emotional distress. Dkt. 102-3 (10/23/13 Hrg. Tr.) at 4:11-14 (Martensen's counsel stating that Martensen has never seen doctor

that Martensen alleges is insufficient, as a matter of law, to constitute the severe, unendurable distress that he must allege.

### C. The IIED Claim Should Be Dismissed Because It Should Have Been Asserted As A Counterclaim In Oxbow's Florida Lawsuit.

Martensen's IIED claim should be dismissed for the independent reason that he should have asserted that claim as part of his various wrongful termination counterclaims in the pending action brought by Oxbow against Martensen in Florida state court ("Florida Action"). Martensen's allegations in the 4AC about his relocation, Oxbow's failure to pay him a bonus, termination, and interview regarding his misconduct arise out of the same "transaction or occurrence that is the subject matter of the opposing party's claim" in Florida, *i.e.*, Martensen's acts of fraud and wrongdoing against Oxbow that led to his termination. Fl. R. Civ. P. 1.170(a); *Londono v. Turkey Creek, Inc.,* 609 So.2d 14, 19 (Fla. 1992)*.* Martensen has already asserted counterclaims in the first-filed Florida Action for wrongful termination and failure to pay him a bonus – which form part of the basis of his IIED claim in this case. *See* Dkt. 72-2 (Martensen's 03/04/13 Answer and Counterclaims) at 27-33 (alleging that Oxbow improperly failed to pay him bonus, and wrongfully terminated him as retaliation for being a "whistleblower"). Martensen repeatedly asserts in support of three of his termination-related counterclaims in Florida that he "has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish," *id.*

---

or counselor); Dkt. 102-4 (Martensen's 02/26/14 Further Responses to Requests for Admission, No. 2) (same). Nor can Martensen recover for his wife's alleged concerns that she was "threatened" in Singapore before Martensen returned there (4AC ¶ 51). *See* Restatement (2d) of Torts § 46 (where conduct is directed at third person, actor only subject to liability if he causes distress to person "who is present at the time").

¶¶ 51, 57, 63, and that Oxbow committed the alleged misconduct "in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff." *Id.* ¶¶ 52, 58, 64. Thus, the issue of whether Martensen suffered "severe" emotional distress due to the misconduct alleged in this case is already being litigated in Florida.[6]

### D. Dismissal Of The Conspiracy And IIED Claims Should Be With Prejudice.

Martensen's claims should be dismissed with prejudice because Martensen has been given several opportunities to correct his pleading deficiencies, but has been unable to do so. *Brann v. Daddi*, 2005 U.S. Dist. LEXIS 43373, at *20 (D. Colo. Aug. 22, 2005) (Shaffer, J.), *affirmed by* 2005 U.S. Dist. LEXIS 43374 (D. Colo. Oct. 27, 2005) (dismissal with prejudice appropriate where plaintiff's "failure to allege sufficient facts on which a recognized legal claim could be based, after several opportunities to amend his original complaint and to address and correct the substantive problems with his claims, suggests the futility of further amendment").

### E. Martensen's Amendments Should Be Stricken Because They Violate The Court's March 28, 2014 Order.

Certain of Martensen's amendments should be stricken because they violate the Court's March 28, 2014 Order that Martensen file a 4AC that is "reflective of the parties

---

[6] Martensen's IIED claim should also be dismissed as duplicative of his false imprisonment claim. *Ayon*, 2013 U.S. Dist. LEXIS 59925, at *12 (courts dismiss IIED claims "if the allegations (forming the basis of the claim) are the same as those forming the basis of . . . any other state or federal tort action"); *Proffitt v. Cornuke*, 2005 U.S. Dist. LEXIS 33620, at *7 (D. Colo. Sept. 7, 2005) ("[IIED claim] is not meant to be an incantation to augment damages" and "invoking allegations supporting variant theories of relief with allegations that they were also 'outrageous' and generically intended to harm will not state an independent claim for relief for outrageous conduct under Colorado law").

and claims moving forward **while not adding any new facts**[.]" Dkt. 106 at 1 (emphasis added).  Martensen's 4AC contains new allegations that improperly "add new facts" in violation of the Court's order, including paragraphs 14 (alleging that Koch gave Oxbow "directions" to file allegedly false and fraudulent income tax returns); 29 (alleging that Elroy was a "co-conspirator" and "joined the conspiracy by agreeing and becoming involved in planning and implementing" alleged false imprisonment); and 47, 49, 51, and 52 (alleging that Elroy and "employees and agents of Oxbow" are liable for false imprisonment, conspiracy, and IIED).  Although they continue to be insufficient to state a claim against Koch for either conspiracy or IIED, these allegations are "new facts," which should not have been asserted in the 4AC.[7]

## IV.  CONCLUSION

For the foregoing reasons, Martensen's civil conspiracy and IIED claims should be dismissed with prejudice.  In addition, the Court should strike those allegations that

---

[7] The Court should also strike certain paragraphs of the 4AC as irrelevant insofar as they concern only: (1) non-parties (Oxbow and its former and current General Counsels, who Martensen dismissed from the case); and (2) Koch's and Oxbow's taxes. *See, e.g.*, 4AC ¶¶ 12-17 (over three pages of allegations regarding Koch's alleged past tax litigation history, including regarding 20-year-old tax opinion by Massachusetts Supreme Court, in Koch's favor, and innuendo regarding Oxbow's tax practices); *see Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (court may dismiss complaint under Rule 8 where plaintiff "made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter"; "not even the most attentive of readers could figure out who did what to whom" after reading complaint); *Arena Land Inv. Co. v. Petty*, 906 F. Supp. 1470, 1477 (D. Utah 1994) (dismissing third amended complaint with prejudice for failure to comply with Rule 8, as pleading "still is replete with irrelevant and redundant allegations").

impermissibly "add new facts" in violation of the Court's March 28 Minute Order or that are irrelevant to the claims against Koch in this action.

Dated: April 11, 2014  Respectfully submitted,

By: */s/ Melissa R. McCormick*
Melissa R. McCormick (CA #180384)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mmccormick@irell.com

Timothy R. Beyer (SBN 12168)
BRYAN CAVE LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
tim.beyer@bryancave.com

**Attorneys for Defendant WILLIAM I. KOCH**

## **CERTIFICATE OF SERVICE**

I, Melissa R. McCormick, hereby certify that on April 11, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

john@scottlawfirm.net

brian@gearingerlaw.com

bill@williamacohan.com

*/s/ Melissa R. McCormick*
Melissa R. McCormick

3008906