**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02411-REB-CBS

KIRBY MARTENSEN,

    Plaintiff,

v.

WILLIAM KOCH,
DOES 6-25,

    Defendants.

**REPLY IN SUPPORT OF DEFENDANT WILLIAM I. KOCH'S
MOTION TO DISMISS REVISED FOURTH AMENDED COMPLAINT
AND TO STRIKE PORTIONS OF REVISED FOURTH AMENDED COMPLAINT
(DKT. 111, FILED 4/1/14)**

## I.  INTRODUCTION

Defendant William I. Koch's motion to dismiss Plaintiff Kirby Martensen's Revised Fourth Amended Complaint ("4AC") should be granted.

*First*, the intracorporate conspiracy doctrine bars Martensen's civil conspiracy claim, because under applicable Tenth Circuit law, a corporate officer cannot conspire with a corporation, its employees, or its agents. *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119 (10th Cir. 1994), a case concerning civil rights actions, does not modify or abrogate the Tenth Circuit's intracorporate conspiracy law, as articulated in *Zelinger v. Uvalde Rock Asphalt Co.*, 316 F.2d 47 (10th Cir. 1963).  Nor can Martensen save his claim by alleging, for the first time in his opposition, that Koch had some vague personal stake in the object of the alleged conspiracy that was independent of any stake held by Oxbow.

*Second*, Martensen's claim for intentional infliction of emotional distress ("IIED") should be dismissed because he has not satisfied the well-established, high bar

required to allege extreme and outrageous conduct.  The IIED claim should be dismissed for the independent reason that the 4AC does not sufficiently allege severe emotional distress.  *Finally*, the Court should strike those allegations that add new facts in violation of the Court's March 28, 2014 Order or that are irrelevant to the claims against Koch in this action.

## II.      ARGUMENT

### A.      Martensen Misstates The Applicable Legal Standard.

Martensen insists that a complaint should be dismissed only if the "plaintiff can prove no set of facts in support of his claim" (*e.g.,* Opp. at 1, 3), but this Court has recognized that *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "rejected and supplanted the 'no set of facts' language of *Conley v. Gibson*," 355 U.S. 41 (1957). *Johnson v. Lappin*, 2011 U.S. Dist. LEXIS 62323, at *4-5 (D. Colo. May 2, 2011) (Shaffer, J.), *adopted by* 2011 U.S. Dist. LEXIS 61200 (D. Colo. 2011) (Blackburn, J.). Under *Twombly,* a complaint must contain enough facts to state a claim to relief that is plausible on its face.  *Id.* at *5.  As discussed herein and in the Motion, the 4AC does not contain sufficient facts to state a plausible claim for conspiracy or IIED.

### B.      Martensen's Conspiracy Claim Should Be Dismissed.

#### 1.      *Brever* Supports Dismissal.

Martensen's reliance on *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119 (10th Cir. 1994), is misplaced for at least three reasons.  *First, Brever* reaffirmed the law in the Tenth Circuit, as stated in *Zelinger v. Uvalde Rock Asphalt Co.,* 316 F.2d 47 (10th Cir. 1963), that a civil conspiracy claim is barred where a plaintiff alleges that a corporation

conspired with its corporate agents.  40 F.3d at 1126.  *Brever* did not affect the applicability of the intracorporate conspiracy doctrine in non-civil rights cases such as the present action: after *Brever*, courts in this circuit continue to hold that officers of an entity and the entity itself cannot conspire with other employees and agents of the entity.  See *Johnson v. Boulder Cnty.*, 2006 U.S. Dist. LEXIS 54194, at *11 (D. Colo. Aug. 4, 2006); *Cox v. Cache Cnty.*, 2013 U.S. Dist. LEXIS 130505 (D. Utah Sept. 11, 2013).  Martensen alleges that the only purported conspirators were employees or agents of Oxbow, *i.e.*, Koch, Elroy (who was "employed by . . . Oxbow," 4AC ¶ 29), and other "employees or agents of Oxbow."  See 4AC ¶ 47; *id.* ¶ 36 ("All of the persons who acted to falsely confine and imprison Martensen were acting and serving as Koch's and Oxbow's agents").  Thus, the conspiracy claim must be dismissed.

*Second*, despite Martensen's claim that *Brever* concerned "facts similar to this case," *Brever* is in fact inapposite.  (Opp. at 4.)  The *Brever* court held that the intracorporate doctrine may not apply to civil rights actions because of the special concern that in such actions, "the action by an incorporated collection of individuals creates the 'group danger' at which conspiracy liability is aimed."  40 F.3d at 1127.  Martensen's claim for conspiracy to falsely imprison does not fall within *Brever*'s limited exception for civil rights actions.

*Third*, Martensen incorrectly contends that the "personal stake exception" recognized in *Brever* should save his conspiracy claim.  That exception "only applies when the conspirator gained a direct personal benefit from the conspiracy, a benefit wholly separable from the more general and indirect corporate benefit always present

under the circumstances surrounding virtually any alleged corporate conspiracy." *Cox*, 2013 U.S. Dist. LEXIS 130505, at *18. The 4AC nowhere alleges that Koch had a "personal stake" in the objects of the alleged conspiracy. (Nor could it so allege since there is no evidence that Koch himself had some "benefit wholly separable" from any purported benefit to Oxbow from the alleged events in question.) Martensen cannot cure this deficiency in his complaint by making unsubstantiated claims, for the first time in his opposition, regarding some unidentified "personal stake" held by Koch. *McKinley Med., LLC v. Medmarc Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 39667, at *15 (D. Colo. Mar. 23, 2012) (party is "not permitted to amend its pleadings through its opposition to the motion to dismiss").

2. <u>Martensen's Unpled Assertions Do Not Save His Claim</u>.

Martensen also claims that the intracorporate conspiracy doctrine does not apply because it involves Richard Elroy. Opp. at 4. The 4AC alleges that "[o]ver the last twenty years, Elroy **has been employed by Koch [and] Oxbow**." 4AC ¶ 29 (emphasis added). Taking this allegation as true, Elroy's alleged participation as an employee of Oxbow supports (rather than refutes) application of the intracorporate conspiracy doctrine. *See Johnson,* 2006 U.S. Dist. LEXIS 54194, at *11 ("agents and employees of the entity" do not constitute conspirators). Martensen now claims in his opposition that Elroy was "an independent contractor retained by" Koch and Oxbow (Opp. at 4), but this newfound characterization is of no consequence. Whether Elroy was an employee or an "independent contractor," Martensen has alleged he was an agent of Oxbow, and as such he cannot conspire with Koch (another agent of Oxbow). *See 1-800 Contacts,*

*Inc. v. Lens.Com, Inc.*, 722 F.3d 1229, 1251 (10th Cir. 2013) (independent contractor can be agent). Moreover, Martensen is "not permitted to amend [his] pleading through [his] opposition to the motion to dismiss." *McKinley*, 2012 U.S. Dist. LEXIS 39667, at *15.

Martensen also contends that certain "Grant Thornton employees are Koch's co-conspirators or aiders and abettors." Opp. at 5. These allegations were not pled in the 4AC, and there is no factual support for them.[1] But even if the 4AC had included such allegations, the intracorporate conspiracy doctrine still would bar a civil conspiracy claim against Koch because the Grant Thornton employees, like Elroy and Koch, were acting as Oxbow's agents. *See Johnson*, 2006 U.S. Dist. LEXIS 54194, at *11 (barring conspiracy claim against county where "the single entity is Boulder County and all of the actors claimed to be within the conspiracy are agents and employees of the County").

### 3. Martensen's Conspiracy Claim Is Not Adequately Pled.

Martensen's conspiracy claim should also be dismissed for failure to set forth specific allegations regarding the purported conspiracy, such as the specific roles or acts of the unnamed "employees and agents of Oxbow." *See* 4AC ¶ 47; *Greenway Univ., Inc. v. Greenway of Ariz., LLC*, 2012 U.S. Dist. LEXIS 68811, at *25-26 (D. Colo. May 17, 2012). Martensen attempts to save his deficient allegations by pointing to

---

[1] There is no evidence, for example, to support Martensen's assertion that the "group of ten Grant Thornton employees . . . participated in the false imprisonment of and emotional distress inflicted on Martensen during March 21-23, 2012." Opp. at 5. Koch also did not "conceal" their involvement, as Martensen conclusorily claims. Rather, these consultants are immune from disclosure under Fed. R. Civ. P. 26(b)(4)(D). *See Ager v. Jane C. Stormont Hosp. & Training Sch. For Nurses*, 622 F.2d 496, 503 (10th Cir. 1980) ("identity" of non-testifying expert "is not discoverable").

certain e-mails with other Oxbow executives that Koch has produced, which merely discuss transportation plans before the Bear Ranch meetings.  Opp. at 7.[2]  These documents, provided to Martensen during discovery, may not be considered in deciding the 4AC's legal sufficiency.  *De Payan v. Wend-Rockies, Inc.*, 2008 U.S. Dist. LEXIS 42631, *7 (D. Colo. May 21, 2008) ("In determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint").

### C. The IIED Claim Should Be Dismissed.

#### 1. Martensen Does Not Allege Extreme And Outrageous Conduct.

As the Tenth Circuit and this Court have recognized, "Colorado case law has erected an extremely high bar that a plaintiff must satisfy in order to have such a claim put before a jury."  *Ayon v. Kent Sch. Dist.*, 2013 U.S. Dist. LEXIS 59925, at *11 (D. Colo. Apr. 26, 2013); *Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381, 384 (10th Cir. 1988) (IIED claims "will lie only in circumstances that are truly outrageous").

Recognizing the high bar to stating an IIED claim, courts routinely hold that such claims "will not lie for mere 'employment disputes,' and the range of behavior covered in 'employment disputes' is quite broad."  *Pree v. Farmers Ins. Exch.*, 2013 U.S. Dist. LEXIS 43728, at *20 (E.D. Tex. 2013); *Therrien v. United Air Lines, Inc.* 670 F. Supp. 1517, 1524 (D. Colo. 1987) ("an allegation by an employee that he was dismissed or

---

[2] Moreover, even if these e-mails could be considered on a motion to dismiss, they still do not establish any element of Martensen's conspiracy or false imprisonment claims, as they indicate that Martensen and two other executives freely accepted transportation offered by Koch to Bear Ranch, which was before Martensen alleges the false imprisonment began.

demoted wrongfully . . . fails to state a claim" for IIED). Under these settled principles, Martensen's employment-related grievances – that he was moved to and from Singapore at significantly higher compensation, deprived of a discretionary bonus for a period when he admittedly was receiving kickbacks and sharing confidential and proprietary information with third parties, interviewed about that admitted misconduct, and terminated – do not state a claim for relief against Koch.

Martensen does not address *Pree* or *Therrien,* or the other cases discussed in Koch's motion in which Colorado courts dismissed IIED claims brought by aggrieved employees. Mot. at 7-8 (discussing *inter alia Harris v. AmeriGas Propane, Inc.*, 2012 U.S. Dist. LEXIS 185884 (D. Colo. 2012), and *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999)). Martensen instead discusses six cases involving IIED claims in a variety of situations, but they are all inapposite. Four of the six cases that Martensen cites concern non-employment related conduct.[3] The only two cases concerning employment-related conduct address impermissible race or gender discrimination, but the 4AC does not allege that Martensen suffered any such discrimination.[4]

IIED claims should also be dismissed "if the allegations (forming the basis of the claim) are the same as those forming the basis of . . . any other state or federal tort

---

[3] Opp. at 9, 10 (citing *Roget v. Grand Pontiac, Inc.*, 5 P.3d 341 (Colo. App. 1999) (lessor falsified documents and made false statements); *Montgomery Ward v. Andrews*, 736 P.2d 40 (Colo. App. 1987) (Andrews given one day's notice before Montgomery Ward took away possessions); *Danyew v. Phelps*, 676 P.2d 707 (Colo. App. 1983) (tenant evicted while in hospital); *Meiter v. Cavanaugh*, 580 P.2d 399 (1978) (defendant called plaintiff "sick old woman")).

[4] *See Donaldson v. Am. Banco Corp.*, 945 F. Supp. 1456 (D. Colo. 1986) (derogatory comments to employee based on gender); *Mass v. Martin Marietta Corp.*, 805 F. Supp. 1530 (D. Colo. 1992) (employee subjected to racist remarks).

demoted wrongfully . . . fails to state a claim" for IIED). Under these settled principles, Martensen's employment-related grievances – that he was moved to and from Singapore at significantly higher compensation, deprived of a discretionary bonus for a period when he admittedly was receiving kickbacks and sharing confidential and proprietary information with third parties, interviewed about that admitted misconduct, and terminated – do not state a claim for relief against Koch.

Martensen does not address *Pree* or *Therrien,* or the other cases discussed in Koch's motion in which Colorado courts dismissed IIED claims brought by aggrieved employees. Mot. at 7-8 (discussing *inter alia Harris v. AmeriGas Propane, Inc.*, 2012 U.S. Dist. LEXIS 185884 (D. Colo. 2012), and *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999)). Martensen instead discusses six cases involving IIED claims in a variety of situations, but they are all inapposite. Four of the six cases that Martensen cites concern non-employment related conduct.[3] The only two cases concerning employment-related conduct address impermissible race or gender discrimination, but the 4AC does not allege that Martensen suffered any such discrimination.[4]

IIED claims should also be dismissed "if the allegations (forming the basis of the claim) are the same as those forming the basis of . . . any other state or federal tort

---

[3] Opp. at 9, 10 (citing *Roget v. Grand Pontiac, Inc.*, 5 P.3d 341 (Colo. App. 1999) (lessor falsified documents and made false statements); *Montgomery Ward v. Andrews*, 736 P.2d 40 (Colo. App. 1987) (Andrews given one day's notice before Montgomery Ward took away possessions); *Danyew v. Phelps*, 676 P.2d 707 (Colo. App. 1983) (tenant evicted while in hospital); *Meiter v. Cavanaugh*, 580 P.2d 399 (1978) (defendant called plaintiff "sick old woman")).

[4] *See Donaldson v. Am. Banco Corp.*, 945 F. Supp. 1456 (D. Colo. 1986) (derogatory comments to employee based on gender); *Mass v. Martin Marietta Corp.*, 805 F. Supp. 1530 (D. Colo. 1992) (employee subjected to racist remarks).

action." *Ayon*, 2013 U.S. Dist. LEXIS 59925, at *12 (D. Colo. 2013) (IIED claim should be distinct from employment-related claim in order "to ensure that the IIED claim is reserved for those truly exceptional cases"); *Proffitt v. Cornuke*, 2005 U.S. Dist. LEXIS 33620, at *7 (D. Colo. 2005) ("[IIED claim] is not meant to be an incantation to augment damages" and "invoking allegations supporting variant theories of relief with allegations that they were also 'outrageous' and generically intended to harm will not state an independent claim for relief for outrageous conduct under Colorado law"). Martensen's IIED claim is based largely on the same allegations that support his false imprisonment claim, *see* Opp. at 8-9 (IIED claim based on escorting Martensen to Denver airport and flying him to Oakland); 4AC ¶ 51 (same), and should be dismissed as duplicative of his false imprisonment claim.

2. Martensen Does Not Allege Severe Emotional Distress.

The IIED claim should be dismissed for the independent reason that Martensen does not adequately allege that he suffered "severe emotional distress," the second element of an IIED claim. "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Yarbrough v. ADT Sec. Servs.*, 2008 U.S. Dist. LEXIS 59477, at *25 (D. Colo. Aug. 6, 2008). Martensen must allege **specific** facts regarding the alleged distress suffered. *See Cohlmia v. Ardent Health Servs., LLC*, 448 F. Supp. 2d 1253, 1272 (N.D. Okla. 2006) (requiring plaintiff to set forth "facts regarding his mental or emotional state").

Martensen claims in the 4AC that he suffered from "anxiety and depression impacting his ability to sleep and other major life activities," but as addressed in Koch's

motion (Mot. at 10-11), courts consistently hold that anxiety and depression are not "distress so severe" that no reasonable person could endure it. *See Therrien*, 670 F. Supp. at 1525 (while "abrupt termination of Mr. Therrien's career as a commercial airline pilot did indeed have an emotional impact on him," "embarrassment and frustration this event may have caused do not appear to this court to constitute the kind of 'extreme' and 'unendurable' harm described in the Restatement"; pleading "fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea" not sufficient to allege **severe** emotional distress); *Yarbrough*, 2008 U.S. Dist. LEXIS 59477, at *25.

In his opposition, Martensen does not directly address the 4AC's failure to adequately plead severe emotional distress. The handful of paragraphs that Martensen cites in his opposition only describe Koch's alleged conduct, but these acts relate to the "extreme and outrageous conduct" element of the tort, not the "severe emotional distress" element. *See, e.g.*, 4AC ¶¶ 25-27, 29, 31-36, 39-41 (cited at Opp. at 10) (containing allegations regarding Martensen's employment and termination and events at Bear Ranch). These allegations do not specify facts regarding what actionable emotional distress Martensen allegedly suffered. Dkt. 102-2 (02/24/14 Hrg. Tr.) at 55:15-17. Thus, the IIED claim should be dismissed for failure to plead severe emotional distress.

   3. <u>The IIED Claim Should Have Been Asserted In The Florida Action</u>.

Martensen's IIED claim should also be dismissed because he has or should have asserted it as a compulsory counterclaim in Oxbow's Florida Action. In deciding

whether a counterclaim is compulsory, Florida "courts have defined 'transaction or occurrence' with a 'broad realistic interpretation' in order to avoid numerous lawsuits from the same facts." *Londono v. Turkey Creek*, *Inc.* 609 So.2d 14, 19 (Fla. 1992). Martensen concedes that the "Florida lawsuit concerns the employer/employee relationship," and that he "brought **compulsory counterclaims against Oxbow regarding his employment relationship**." Opp. at 12, 13 (emphasis added). Martensen has not withdrawn or dismissed his counterclaims in Florida. To the contrary, he recently reasserted his counterclaims, including those based on his employment-related complaints, only days ago in the Florida Action.

Martensen's IIED claim in this action is based on complaints regarding that same "employment relationship," *i.e.,* (1) Martensen's relocation to another Oxbow office, (2) Oxbow's failure to pay him a (discretionary) bonus, (3) Oxbow's interview regarding misconduct that he committed against Oxbow; and (4) Oxbow's termination. Thus, either Martensen has already asserted the IIED counterclaim in the Florida litigation and this Court should defer to that first-filed suit, *see Sladek v. dePlomb*, 981 F. Supp. 1364 (D. Colo. 1997), or Martensen should have asserted the IIED claim as a compulsory counterclaim in Florida under a "broad realistic interpretation" of Florida's counterclaim rule, *Londono*, 609 So.2d at 19.

### D. <u>Martensen Distorts The Court's March 28, 2014 Minute Order</u>.

Martensen does not dispute that he added "new facts" to the 4AC. Opp. at 13. Instead, he claims that the Court's March 28 Minute Order (Dkt. 106) did not bar him from doing so. Opp. at 13. Martensen is incorrect. Minute Order at 1 (Martensen was

to file revised complaint that did "not add[] any new facts"); Mar. 28, 2014 Hearing Tr. at 12:6-10 (Martensen's counsel should move to "substitute a new proposed Fourth Amended Complaint that doesn't add any more facts than is currently in the Fourth – proposed Fourth Amended Complaint, but takes out the parties they want to dismiss"). His additional allegations should be stricken. *See* 4AC ¶¶ 14, 29, 47, 49, 51, and 52.

## III. CONCLUSION

Martensen's claims for civil conspiracy and IIED should be dismissed with prejudice, because Martensen has been given several opportunities to correct his pleading deficiencies, but has not done so. *See Brann v. Daddi*, 2005 U.S. Dist. LEXIS 43373, at *20 (D. Colo. Aug. 22, 2005) (Shaffer, J.). In addition, the Court should strike those allegations that "add new facts" or that are irrelevant to the claims against Koch.

Dated: April 24, 2014         Respectfully submitted,

By: */s/ Melissa R. McCormick*
Melissa R. McCormick (CA #180384)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mmccormick@irell.com

Timothy R. Beyer (SBN 12168)
BRYAN CAVE LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
tim.beyer@bryancave.com

**Attorneys for Defendant
WILLIAM I. KOCH**

## CERTIFICATE OF SERVICE

I, Melissa R. McCormick, hereby certify that on April 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

john@scottlawfirm.net

brian@gearingerlaw.com

bill@williamacohan.com

                                           */s/ Melissa R. McCormick*
                                              Melissa R. McCormick