**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-02411-REB-CBS

KIRBY MARTENSEN,

      Plaintiff,

v.

WILLIAM KOCH, and
DOES 1-25,

      Defendants.

---

**ORDER GRANTING DEFENDANT'S MOTION  IN LIMINE**
**TO PRECLUDE EVIDENCE OF POLYGRAPH RESULTS**

---

**Blackburn, J.**

The matter before me is **Defendant William I. Koch's Motion In Limine To**

**Preclude Evidence of Polygraph Results** [#242],[1] filed September 12, 2014.  I grant

the motion.

While acknowledging that "[p]olygraph tests are generally inadmissible in this

circuit," ***Jones v. Geneva Pharmaceuticals, Inc.***, 132 Fed. Appx. 772, 776 (10th Cir.

June 1, 2005), plaintiff insists that such evidence may become admissible if defendant

"opens the door" by referring to the fact that the Gunnison County District Attorney

refused to bring criminal charges of false imprisonment against defendant.  Even if such

---

[1] "[#242]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and  electronic case filing system (CM/ECF).  I use this
convention throughout this order.

evidence is admitted at trial,[2] plaintiff's conclusion that he perforce would be allowed to proffer the results of his polygraph examination is far from pellucid.  Nor does plaintiff explain how he intends to qualify such evidence even if the court were inclined to consider it.  *See id.* ("If a party seeks to admit a polygraph test, that party must satisfy the criteria for admission under *Daubert*.").[3]  Indeed, this same rule would apply even if plaintiff were to testify only to the bare fact that he underwent such an examination.  *See id.*  In addition, "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony," and thus "is often excluded because it usurps a critical function of the jury and because it is not helpful to the jury, which is capable of making its own determination regarding credibility."  *United States v. Call*, 129 F.3d 1402, 1406 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 2064 (1998).

Finally, even if plaintiff were able to overcome these not-insignificant hurdles, the court sees as extremely unlikely any possibility that the admission of such evidence would survive analysis under Rule 403.  *See Call*, 129 F.3d at 1405; *Jones*, 132 Fed. Appx. at 776.  Any probative value, which for now appears extremely attenuated, would likely be substantially outweighed – if not overwhelmed – by the dangers of confusing the issues, misleading the jury, and wasting time.

---

[2]  I have recently denied, without prejudice, plaintiff's motion to preclude reference to this fact *in limine*.  (*See* **Order Denying Without Prejudice Plaintiff Kirby Martensen's Motion In Limine To Preclude Defendant William Koch form Referring to District Attorney's Decision Not To Prosecute Defendant for the Crime of False Imprisonment** [#338], filed January 21, 2015.) This ruling, of course, in no way suggests that such evidence will be admitted at trial.

[3]  Not only is such evidence presumptively inadmissible under Rule 702 and *Daubert*, but it appears that plaintiff has failed to designate an expert to make such a showing in any event.  *See United States v. Call*, 129 F.3d 1402, 1404-05 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 2064 (1998).

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant William I. Koch's Motion In Limine To Preclude Evidence of Polygraph Results** [#242], filed September 12, 2014, is **GRANTED**; and

2.  That all parties are **PRECLUDED** and **PROHIBITED**, pending further order of court, from referring to or offering in evidence before the jury matters referring or relating to plaintiff's submission to a polygraph examination and/or the content or results of any such examination.

Dated January 22, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge