**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02411-REB-CBS

KIRBY MARTENSEN,

    Plaintiff,

v.

WILLIAM KOCH, and
DOES 1-25,

    Defendants.

---

**ORDER GRANTING DEFENDANT WILLIAM I. KOCH'S
MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT
REGARDING KOCH'S WEALTH OR OTHER LAWSUITS**

---

**Blackburn, J.**

The matter before me is **Defendant William I. Koch's Motion In Limine To Preclude Evidence or Argument Regarding Koch's Wealth or Other Lawsuits** [#240],[1] filed September 12, 2014.  I grant the motion.

Despite plaintiff's protestations to the contrary, evidence of or references to defendant's wealth or his putative status as a "billionaire" plainly fail to meet the relevancy requirements of Fed. R. Evid. 401.  Plaintiff posits that such evidence is relevant because "[o]nly a person of exceptional wealth could finance the events at Bear Ranch" which give rise to this lawsuit.  (**Plf. Resp. Br.** at 2 [#311], filed October 2, 2014.)  If there were any doubt as to whether defendant orchestrated those events, that

---

[1] "[#240]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

argument might bear some weight, but there is no such dispute apparent here.  There is no other conceivable way in which such evidence has any tendency to make a fact of consequence in determining plaintiff's false imprisonment claim more or less probable than it would be without such evidence.  **FED. R. EVID.** 401.

Moreover, and even if evidence of defendant's wealth had some minimal relevance to a fact in issue, it clearly flunks under Rule 403 – that is, any probativity is substantially outweighed by several of the dangers cited in Rule 403.  Among other reasons for excluding evidence under Rule 403's balancing test, allowing plaintiff to gratuitously refer to plaintiff's financial resources plainly would create a substantial danger of unfair prejudice.  **See United States v. Hall**, 508 Fed. Appx. 776, 780 (10th Cir.) ("[U]nfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."), **cert. denied**, 133 S.Ct. 2841 (2013).  Indeed, the Tenth Circuit has held specifically that "[c]omments on the wealth of a party have repeatedly and unequivocally been held highly prejudicial, and often alone have warranted reversal." **Whittenburg v. Werner Enterprises Inc.**, 561 F.3d 1122, 1130 (10th Cir. 2009).  Any such evidence is properly excluded *in limine*.

Defendant also seeks to preclude *in limine* any reference by plaintiff to prior lawsuits filed by defendant against others or any characterization of defendant as a "professional litigator."  "Prior lawsuits may be deemed to be other acts, within the meaning of Rule 404(b)."  **Van Deelen v. Johnson**, 2008 WL 4683022 at *2 (D. Kan. Oct. 22, 2008).

> Rule 404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts . . . to prove the character of a

> person in order to show action in conformity therewith." It allows, however, for the admission of such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

*United States v. Cerno*, 529 F.3d 926, 936 (10th Cir. 2008) (quoting **FED. R. EVID**. 404(b); emphasis omitted). In determining whether to admit such evidence, the court considers whether the evidence is submitted for a proper purpose, whether it is relevant, and whether its probative value is substantially outweighed by the dangers outlined in Fed. R. Evid. 403. ***See United States v. Lazcano–Villalobos***, 175 F.3d 838, 846 (10th Cir. 1999).[2]

None of these standards is satisfied here. Plaintiff maintains that such evidence is submitted for a proper purpose – that is, to show motive – and relevant to establish that defendant's true motive for filing a lawsuit against plaintiff following his termination was merely to intimidate him.[3] In ***Van Deelen***, the court found that evidence of the plaintiff's prior lawsuits was submitted for a proper purpose and relevant because it might show "that plaintiff had a motive, plan or scheme to bring similar kinds of claims against those who crossed him." 2008 WL 4683022 at *3. That finding, however, was predicated on a review of evidence that the court found sufficient to suggest that such prior lawsuits were sufficiently similar – in terms of the factual recitations made, the legal claims pled, and the damages sought – to both one another and the suit before the

---

[2] If the evidence is admissible under these criteria, the court must consider further whether to give a limiting instruction. ***Lazcano–Villalobos***, 175 F.3d at 846.

[3] I note also that there is no allegation or evidence of which this court is aware that plaintiff knew of defendant's prior lawsuits at the time he himself was served with papers, such that being subject to a lawsuit by defendant somehow might be more intimidating than otherwise could be expected as a natural result of being sued itself.

court to establish "more than a generic pattern of litigiousness meant to show bad character." *Id.*

Plaintiff has not even represented, much less attempted to prove up, any similarity between this case and any prior suit in which defendant was involved. Indeed, even plaintiff's broad description of the parties with whom defendant has been involved in litigation leads the court to believe that any similarity between those lawsuits and this one is highly attenuated, at best.  (*See* **Plf. Opposition** at 2 [#311], filed October 2, 2014.)

Moreover, given this failure of proof, it seems clear that the dangers of unnecessarily misleading the jury, confusing the issues, and unduly delaying the trial will substantially outweigh whatever marginal probative value this evidence might have to a proper purpose for its submission to the jury.  This is truly an instance where the sideshow threatens to overwhelm the circus.  The court has no intention of wasting valuable trial time delving into the particulars of lawsuits defendant has filed, for example, against his brothers, business competitors and partners, sellers of rare wine and antique weapons, or the State of Massachusetts.  (*See id.*)

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant William I. Koch's Motion In Limine To Preclude Evidence or Argument Regarding Koch's Wealth or Other Lawsuits** [#240], filed September 12, 2014, is **GRANTED**; and

2. That pending further order, all parties are **PRECLUDED** and **PROHIBITED** from referring to or offering in evidence before the jury matters related to defendant's

wealth (including references to defendant as a "billionaire" or similar characterizations) or to prior lawsuits he has filed (including any reference to defendant as a "professional litigator" or similar characterizations).

Dated January 26, 2015, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge