IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 13-cv-02411-REB-CBS

KIRBY MARTENSEN,

     Plaintiff,

v.

WILLIAM KOCH, and
DOES 1-25,

     Defendants.

---

ORDER GRANTING DEFENDANT WILLIAM I. KOCH'S
MOTION  IN LIMINE TO PRECLUDE EVIDENCE OF OXBOW'S
ORGANIZATIONAL STRUCTURE AND ALLEGED TAX VIOLATIONS

---

Blackburn, J.

The matter before me is **Defendant William I. Koch's Motion In Limine To**

**Preclude Evidence of Oxbow's Organizational Structure and Alleged Tax**

**Violations** [#252],[1] filed September 15, 2014.  I grant the motion.

Defendant seeks to preclude plaintiff from presenting evidence relating to the tax

structure of plaintiff's former employer, Oxbow Carbon & Minerals International GmbH

("OCMI"), which plaintiff maintains was illegal.[2]  Plaintiff posits that such evidence is

relevant to demonstrate that defendant's true motive for orchestrating the events that

---

[1] "[#252]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] There also are at least two other Oxbow entities – Oxbow Carbon LLC and Oxbow Carbon & Minerals, LLC.  It is my understanding that plaintiff's allegations of tax improprieties apply to OCMI and not to these other corporate entities.  Nevertheless, the analysis is the same regardless which of these entities may be implicated by plaintiff's allegations of tax improprieties.

give rise to plaintiff's false imprisonment claim was to "intimidate and silence [him] as a critic of the tax scheme."  (**Plf. Resp. Br.** at 4.)  He also suggests that such evidence is admissible under Rule 404(b) to prove motive or intent and/or under Rule 608(b) as probative of defendant's character for truthfulness.

None of these arguments is in the least convincing.  Assuming *arguendo* that defendant knew of plaintiff's "whistleblower" claims prior to the date plaintiff's employment was terminated, his motive is not relevant to any element of plaintiff's claim for false imprisonment.  *See* CJI-Civ. 4th 21:3 (2013) (defendant's malice or ill will is irrelevant to establish element requiring proof of defendant's intent to restrict plaintiff's freedom of movement).  Even if relevant to prove intent, evidence regarding the structure or legality *vel non* of OCMI's tax strategy would not be admissible under Rule 404(b) because those issues bear no resemblance whatsoever to the acts made the basis of this suit.  *See United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (when admitted to show knowledge or intent, prior acts must be similar to charged offense), *cert. denied*, 128 S.Ct. 2424 (2008).  Nor does plaintiff adequately explain how Rule 608(b) might be implicated here.  While that rule allows the cross-examiner to inquire into specific instances of conduct that go to the character for truthfulness of the witness, it is not clear how the alleged transgressions of non-party OCMI bear on defendant's credibility.[3]

Nevertheless, to the extent such evidence might be thought to have some minimal relevance to the issues before the jury or otherwise be admissible, whether for

---

[3] Delving too far into the relationship between defendant and OCMI itself would create an unnecessary and wholly collateral "mini-trial."

impeachment or otherwise, allowing plaintiff to delve into the particulars of OCMI's tax structure would take this case much too far afield.  This is a relatively straightforward case presenting a single, largely uncomplicated, claim.  The court has no intention of conducting a separate trial within this trial on the largely (if not wholly) collateral issue of the nature and legality of OCMI's tax strategy.[4]  *See Schneider v. City and County of Denver*, 47 Fed. Appx. 517, 529 (10th Cir. Aug. 22, 2002) (appellate court will "give wide discretion to the avoidance of side issues and 'minitrials' by district courts"); *United States v. Talamante*, 981 F.2d 1153, 1156 n.5 (10th Cir. 1992) (court retains discretion under Rule 403 to exclude evidence which "could [lead] to collateral mini trials"), *cert. denied*, 113 S.Ct. 1876 (1993).  Patently, such evidence creates a substantial risk of unnecessarily misleading the jury, confusing the issues, and unduly delaying the trial. *See* FED. R. EVID. 403.  These dangers substantially outweigh whatever marginal probativity this evidence might have.[5]

     **THEREFORE, IT IS ORDERED** as follows:

     1.  That **Defendant William I. Koch's Motion In Limine To Preclude Evidence of Oxbow's Organizational Structure and Alleged Tax Violations** [#252], filed September 15, 2014, is **GRANTED**; and

---

[4]  Indeed, the court doubts that plaintiff would be required to prove that OCMI's tax strategy was illegal even if such evidence were admissible.  Generally, whistleblowers are protected by law even when their beliefs in the illegality of the challenged practices are mistaken.  *See, e.g., Love v. RE/MAX of America, Inc.*, 738 F.2d 383, 385 (10th Cir. 1984); *Rupp v. Purolator Courier Corp.*, 790 F.Supp. 1069, 1073 (D. Kan. 1992).

[5]  Of course, nothing in this order precludes plaintiff from offering testimony that he made such an allegation or attempting to show that defendant knew of that charge prior to the termination of plaintiff's employment.  It means only that the court will not entertain a full-scale excursion into the particulars of the company's tax structure or the legality of same.

2.  That pending further order, all parties are **PRECLUDED** and **PROHIBITED** from offering or discussing evidence in the presence of the jury to establish the particulars of OCMI's tax structure or strategy or to attempt to prove that the company's tax strategy was illegal.

Dated January 28, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge