**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02411-REB-CBS

KIRBY MARTENSEN,

      Plaintiff,

v.

WILLIAM KOCH, and
DOES 1-25,

      Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY OF LOUIS J. FREEH

---

**Blackburn, J.**

      The matter before me is plaintiff's **Motion *In Limine* To Preclude Expert

Testimony of Louis J. Freeh** [#220],[1] filed August 29, 2014.  I deny the motion.

## I.  JURISDICTION

      I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of

citizenship).

## II.  STANDARD OF REVIEW

      Rule 702 of the Federal Rules of Evidence, which governs the admissibility of

expert witness testimony, provides that

> [a] witness who is qualified as an expert by knowledge, skill,
> experience, training or education may testify in the form of
> an opinion or otherwise if: (a) the expert's scientific,

---

[1] "[#220]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

> technical, or other specialized knowledge will help the trier of
> fact to understand the evidence or to determine a fact in
> issue; (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and
> methods; and (d) the expert has reliably applied the
> principles and methods to the facts of the case.

**FED. R. EVID.** 702.  The Supreme Court has described the court's role in weighing

expert opinions against these standards as that of a "gatekeeper."  ***See Kumho Tire***

***Company, Ltd. v. Carmichael***, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d

248 (1999).

As interpreted by the Supreme Court, Rule 702 requires that an expert's

testimony be both reliable, in that the witness is qualified to testify regarding the subject,

and relevant, in that it will assist the trier in determining a fact in issue.  ***Daubert v.***

***Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96,

125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.***, 360 F.3d

1206, 1210 (10th Cir. 2004).  The Tenth Circuit employs a two-step analysis when

considering the admissibility of expert testimony under Rule 702.  ***See 103 Investors I,***

***L.P. v. Square D Co.***, 470 F.3d 985, 990 (10th Cir.2006).  Plaintiff's motion implicates

only the first, codified in Rule 702(a), which examines, *inter alia*, whether the expert's

testimony "will help the trier of fact to understand the evidence or determine a fact in

issue."  **FED. R. EVID.** 702(a).[2]  This inquiry "goes primarily to relevance," ***Daubert***, 113

S.Ct. at 2795, but the court also may consider other factors, such as whether the

testimony goes to a matter within the common knowledge and experience of jurors, or

---

[2]  Plaintiff does not challenge the expert's qualifications to testify, *see* **FED. R. EVID.** 702(a) nor suggest that his opinion is based on an unreliable methodology or an insufficient quantum of data, **FED. R. EVID.** 702(b), (c) & (d).

whether it usurps the jury's role in determining an ultimate issue of fact or the court's role to instruct the jury on the law, *see United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir.), *cert. denied*, 127 S.Ct. 420 (2006).

The trial court has broad discretion in determining whether expert testimony is sufficiently relevant to be admissible.  *See Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000).  The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Goebel v. Denver and Rio Grand Western Railroad Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (quoting *Kumho Tire*, 119 S.Ct. at 1176).  However, Rule 702 is properly construed as a rule of inclusion rather than one of exclusion, and "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702, Advisory Committee Note.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 113 S.Ct. at 2798.

### III.  ANALYSIS

The facts of this case are well known to the parties and need to be repeated at length here.  This motion specifically addresses the propriety *vel non* of the opinions of defendant's expert, Mr. Louis J. Freeh.  Mr. Freeh has been designated to opine that the internal investigation (and defendant's involvement therein) into anonymous allegations implicating plaintiff and others in corporate fraud, which ultimately led to

plaintiff's termination, were consistent with best corporate practices.  Mr. Freeh will

testify further as to the propriety of the way in which plaintiff's termination was handled.

These opinions are offered to countermand plaintiff's suggestion that the investigation

was flawed, improper, and/or a pretext for silencing plaintiff as a corporate

whistleblower, as well as to give context to the events surrounding plaintiff's termination

Plaintiff first argues that Mr. Freeh's opinions will not be helpful to the jury

because the issue to be decided in this case is simple and does not require illumination

or explication by an expert.  I disagree.

> The "touchstone" of admissibility of expert testimony is its
> helpfulness to the trier of fact.  When the normal experiences
> and qualifications of laymen jurors are sufficient for them to
> draw a proper conclusion from given facts and
> circumstances, an expert witness is not necessary and is
> improper.

*Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002) (citations and internal

quotation marks omitted).  While the events that occurred at defendant's ranch

themselves may not be difficult to understand, Mr. Freeh's testimony is offered to put

those events in context.  The prevailing practices and standards that pertain to the

conduct of internal corporate investigations are not matters within the common

knowledge of most lay people.  I therefore find and conclude that the testimony is not

excludable on this basis.

In his reply,[3] plaintiff suggests further that Mr. Freeh's testimony is not helpful

because it will not go to any issue properly before the jury.  This argument is curious,

---

[3] Of course, issues raised for the first time in a reply brief generally are waived in any event.  ***See
Tran v. Trustees of State Colleges in Colorado***, 355 F.3d 1263, 1266 (10th Cir. 2004).

given that plaintiff consistently has avowed the relevance of defendant's motives for orchestrating the events at his ranch which culminated in plaintiff's termination. Nevertheless, although I agree with plaintiff that defendant's motive *per se* is not directly relevant to the elements of his false imprisonment claim (*see* **Order Granting Defendant William I. Koch's Motion In Limine To Preclude Evidence of Oxbow's Organizational Structure and Alleged Tax Violations** at 2 [#341], filed January 28, 2015), defendant's intent is.  Evidence related to the investigation of the charges leveled against plaintiff and the decision to terminate plaintiff's employment in the manner which occurred is relevant to that inquiry.

Moreover, the jury properly may be asked to consider evidence that is not related directly to a specific element of plaintiff's claim, if such evidence is otherwise relevant and admissible.  *See* 29 Charles Alan Wright & Victor James Gold, **Federal Practice & Procedure: Evidence** § 6265 (1997) [hereinafter **FPP: Evidence**] ("[T]he 'assist' requirement is satisfied where expert testimony advances the trier of fact's understanding to any degree.").  A fact in issue here is whether the events surrounding plaintiff's termination were appropriate.  Mr. Freeh's testimony may help the jury understand defendant's position that his actions were justified.  The evidence therefore is not excludable on this basis either.

Plaintiff next argues that Mr. Freeh purports to offer legal opinions and conclusions that would usurp the province of the court to apprise the jury of the legal principles that will govern their deliberations.  While it is true that a witness may not properly opine on ultimate issues of law, *see Specht v. Jensen*, 853 F.2d 805, 808-09

5

(10th Cir. ), **cert. denied**, 109 S.Ct. 792 (1988), Mr. Freeh's opinions are primarily

factual, not legal, and based on his expert report, do not appear to overstep the "narrow

line" drawn in **Specht**:

> We do not exclude all testimony regarding legal issues. We
> recognize that a witness may refer to the law in expressing
> an opinion without that reference rendering the testimony
> inadmissible. Indeed, a witness may properly be called upon
> to aid the jury in understanding the facts in evidence even
> though reference to those facts is couched in legal terms.

**Id.** at 809. If Mr. Freeh's testimony at trial threatens to venture beyond the permissible

bounds of expert testimony on these issues, the court is confident that timely and

appropriate objections will be sufficient to prevent such opinions from reaching the jury.[4]

Finally, plaintiff complains that Mr. Freeh is not objective about the evidence and

merely vouches for defendant's credibility. Of course, "expert testimony which does

*nothing* but vouch for the credibility of another witness encroaches upon the jury's vital

and exclusive function to make credibility determinations, and therefore does not assist

the trier of fact as required by Rule 702." **United States v. Charley**, 189 F.3d 1251,

1267 (10th Cir. 1999), **cert. denied**, 120 S.Ct. 842 (2000) (emphasis added; citation and

internal quotation marks omitted). Plaintiff's argument here, however, is that Mr. Freeh

has credited categorically the accounts of defendant and his witnesses, while

disregarding evidence favorable to plaintiff's version of events. Assuming *arguendo* that

this characterization is true, such matters plainly go to the weight, not the admissibility,

---

[4] Although plaintiff further invokes Rule 403, he does not explain how Mr. Freeh's opinions might run afoul of any of the concerns addressed by that rule. The court is neither required nor inclined to make a party's arguments for it. **See West LB AG, New York Branch v. DT Land Development, LLC**, 2010 WL 2867903 at *1 n. 1 (D. Colo. July 21, 2010) (Blackburn, J.).

of the expert's opinions.  *See* **FPP: Evidence** § 6265 ("Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility.") (internal quotation marks omitted); ***Compton v. Subaru of America, Inc***., 82 F.3d 1513, 1518 (10th Cir.1996) (weaknesses in underpinnings of expert's opinion go to weight and not admissibility of testimony), ***overruled on other grounds by Kumho Tire Co.***, 119 S.Ct. at 1174-75.  Plaintiff is free to explore these alleged gaps in Mr. Freeh's opinions on cross-examination.  *See Daubert*, 113 S.Ct. at 2798 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

THEREFORE, IT IS ORDERED that plaintiff's **Motion *In Limine* To Preclude Expert Testimony of Louis J. Freeh** [#220], filed August 29, 2014, is **DENIED**.

Dated February 4, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge