**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02411-REB-CBS

KIRBY MARTENSEN,

      Plaintiff,

v.

WILLIAM KOCH, et al.,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTIONS *IN LIMINE*
TO PRECLUDE EXPERT TESTIMONY OF DAVID A. HALL
AND TO PRECLUDE DEFENDANT FROM INTRODUCING OR
REFERRING TO DOCUMENTS FROM NOVA INDUSTRY COMPANY LIMITED**

---

**Blackburn, J.**

      The matters before me are (1) plaintiff's **Motion *In Limine* To Preclude Expert Testimony of David A. Hall, or, in the Alternative, for a *Daubert* Hearing** [#221],[1] filed August 29, 2014; and (2) **Plaintiff Kirby Martensen's Motion In Limine To Preclude Defendant William Koch from Introducing or Referring to Documents from Nova Industry Company Limited** [#225], filed August 29, 2014.  I deny both motions without prejudice.[2]

---

      [1]  "[#221]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

      [2]  The issues raised by and inherent to the Rule 702 motion [#221] are adequately briefed, obviating the necessity for a ***Daubert*** hearing.  Thus, the motion is submitted on the papers.

# I.  JURISDICTION

I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of

citizenship).

# II.  STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of

expert witness testimony, provides that

> [a] witness who is qualified as an expert by knowledge, skill,
> experience, training or education may testify in the form of
> an opinion or otherwise if: (a) the expert's scientific,
> technical, or other specialized knowledge will help the trier of
> fact to understand the evidence or to determine a fact in
> issue; (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and
> methods; and (d) the expert has reliably applied the
> principles and methods to the facts of the case.

FED. R. EVID. 702.  The Supreme Court has described the court's role in weighing

expert opinions against these standards as that of a "gatekeeper."  *See Kumho Tire*

*Company, Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d

248 (1999).

As interpreted by the Supreme Court, Rule 702 requires that an expert's

testimony be both reliable, in that the witness is qualified to testify regarding the subject,

and relevant, in that it will assist the trier in determining a fact in issue.  *Daubert v.*

*Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96,

125 L.Ed.2d 469 (1993); *Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d

1206, 1210 (10th Cir. 2004).  The Tenth Circuit employs a two-step analysis when

considering the admissibility of expert testimony under Rule 702.  *See 103 Investors I,*

*L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir.2006).  Plaintiff's motion to exclude

the testimony of Mr. Hall implicates only the first, codified in Rule 702(a), which

examines, *inter alia*, whether the expert's testimony "will help the trier of fact to

understand the evidence or determine a fact in issue."  FED. R. EVID. 702(a).[3]  This

inquiry "goes primarily to relevance," *Daubert*, 113 S.Ct. at 2795, but the court also may

consider other factors, such as whether the testimony goes to a matter within the

common knowledge and experience of jurors, or whether it usurps the jury's role in

determining an ultimate issue of fact or the court's role to instruct the jury on the law,

*see United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir.), *cert. denied*,

127 S.Ct. 420 (2006).

     The trial court has broad discretion in determining whether expert testimony is

sufficiently relevant to be admissible.  *See Truck Insurance Exchange*, 360 F.3d at

1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000).  The

overarching purpose of the court's inquiry is "to make certain that the expert . . .

employs in the courtroom the same level of intellectual rigor that characterizes the

practice of an expert in the relevant field."  *Goebel v. Denver and Rio Grand Western*

*Railroad Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (quoting *Kumho Tire*, 119 S.Ct. at

1176).  However, Rule 702 is properly construed as a rule of inclusion rather than one

of exclusion, and "the rejection of expert testimony is the exception rather than the rule."

FED. R. EVID. 702, Advisory Committee Note.  "Vigorous cross-examination,

---

[3] Plaintiff does not challenge the expert's qualifications to testify, *see* FED. R. EVID. 702(a) nor suggest that his opinion is based on an unreliable methodology or an insufficient quantum of data, FED. R. EVID. 702(b), (c), & (d).

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." **Daubert**, 113 S.Ct. at 2798.

Regarding the motion to exclude *in limine* the so-called Nova documents, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." **Mendelsohn v. Sprint/United Management Co.**, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), **aff'd**, 402 Fed. Appx. 337 (10th Cir. Nov. 12, 2010) (citation and internal quotation marks omitted).  Although such pretrial evidentiary determinations can help streamline the trial,

> a court is almost always better situated during the actual trial
> to assess the value and utility of evidence.  For this reason,
> some courts defer making in limine rulings unless the
> evidence is clearly inadmissible on all potential grounds.

**Id.** (citation and internal quotation marks omitted).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." **Berry v. Transportation Distribution Co.**, 2013 WL 6271605 at *4 (N.D. Okla. Dec. 4, 2013) (citation and internal quotation marks omitted).

## III.  ANALYSIS

The facts of this case have been recited at length in other orders and need not be reiterated here.  Plaintiff seeks to exclude the testimony of David A. Hall, an accounting and financial expert proffered by defendant to opine on two issues:  (1)

4

whether, as of March 2012, defendant had a reasonable basis to believe that Oxbow had suffered significant economic losses as a result of an allegedly fraudulent scheme in which plaintiff was involved; and (2) whether information defendant received after March 2012 confirmed and quantified that conclusion.

Plaintiff first argues that Mr. Hall's testimony is not relevant because he failed to consider the evidence which was available to defendant and Oxbow prior to March 2012.  As a global assertion, this suggestion is plainly refuted by Mr. Hall's expert report, in which he confirms that he "reviewed much of the same information that was available to and reviewed by Oxbow when it was conducting the investigation into the alleged fraudulent scheme before the March 2012 Bear Ranch meetings."  (**Expert Report of David A. Hall** ¶ 19 at 5 [#222], filed August 29, 2014.)  To the extent there may be disparities between what defendant and Oxbow reviewed contemporaneously and the documents Mr. Hall considered, any such gaps in the evidentiary basis of the expert's opinion go to its weight, rather than its admissibility.  *See* 29 Charles Alan Wright & Victor James Gold, **Federal Practice & Procedure:  Evidence** § 6265 (1997).

Plaintiff's more specific complaint is that Mr. Hall did not review the reports generated by Grant Thornton as part of its contemporaneous investigation of the evidence.[4]  Plaintiff's argument appears to be that because defendant relied on the Grant Thornton reports in concluding that defendant had defrauded the company, Mr. Hall cannot opine as to defendant's motivation or intent unless he also reviewed those reports.  I find this argument unpersuasive.  Assuming *arguendo* that the premise of the

---

[4] Plaintiff also argues that Mr. Hall's report is irrelevant because defendant did not rely on it. Frankly, this argument is nonsensical.

5

argument is valid,[5] the fact remains that Mr. Hall purports to have reviewed many of the same documents that were available to the Grant Thornton investigators.  Moreover, he clearly reached a similar conclusion, *i.e.*, that plaintiff had defrauded the company. Here again, any apparent hiatus between the information the Grant Thornton investigators considered and those documents that inform Mr. Hall's opinions can be explored on cross-examination.[6]  *See Daubert*, 113 S.Ct. at 2798 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Plaintiff's remaining arguments are even less compelling.  Plaintiff's suggestion that Mr. Hall's opinion will be unhelpful because no specialized knowledge is required to understand the subject of his testimony is patently meritless.  *Cf. Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002).  Nothing in the average layperson's common experience obviously qualifies her to understand, analyze, and interpret the copious financial documents on which Mr. Hall bases his opinions.

Likewise, the fact that Mr. Hall's opinion coincides with defendant's version of events does not render it objectionable as merely vouching for defendant's credibility. *Cf. United States v. Charley*, 189 F.3d 1251, 1267 (10th Cir. 1999) ("[E]xpert testimony which does *nothing* but vouch for the credibility of another witness encroaches upon the

---

[5]  Defendant points to evidence in the record suggesting that the underlying documentation was available and reviewed by Oxbow executives, including himself.

[6]  Plaintiff's suggestion that negative inferences "must be drawn" from defendant's refusal to produce the Grant Thornton reports is baseless.

jury's vital and exclusive function to make credibility determinations, and therefore does not assist the trier of fact as required by Rule 702."), *cert. denied*, 120 S.Ct. 842 (2000) (emphasis added; citation and internal quotation marks omitted).  Indeed, it would be surprising if defendant were to proffer a witness whose opinion was not supportive of his defenses.

Nor does the use of terms such as "fraud" and "scheme" constitute impermissible legal conclusions.[7]  "[A] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible.  Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms."  *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir.), *cert. denied*, 109 S.Ct. 792 (1988).  These opinions are based on facts offered to prove a defense that does not depend on a finding that plaintiff's actions satisfy the legal elements of a claim for fraud.  Defendant certainly could have determined that actions short of legally actionable fraud justified plaintiff's termination.

Plaintiff also maintains that Mr. Hall may not speculate about what defendant or Oxbow would have done or could have believed at the relevant time.  To the extent the expert is asked to opine as to what defendant himself believed, I agree.  Such an inquiry would be objectionable on the basis of lack of personal knowledge, as no one –

---

[7]  Plaintiff further suggests that the use of these terms runs afoul of Fed. R. Evid. 404(b) because such terms imply guilt for uncharged conduct.  This argument is woefully underdeveloped, which alone justifies refusing to consider it.  *See Center for Biological Diversity v. Pizarchik*, 858 F.Supp.2d 1221, 1229 n.11 (D. Colo. 2012).  Nevertheless, the argument is without merit.  Rule 404(b) prohibits the use of evidence of other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.  FED. R. EVID. 404(b)(1).  Such is not the purpose for which Mr. Hall's testimony is offered, and Rule 404(b) does not prohibit the introduction of such evidence for other purposes.  *See* FED. R. EVID. 404, Advisory Committee Notes (1972 Proposed Rules).

including an expert witness – can testify as to the workings of another person's mind. Nevertheless, any such objection readily could be met by inquiring instead as to what a hypothetical person in defendant's position reasonably could have concluded based on the information then available. This objection thus does not warrant the exclusion of such testimony *in limine***.**

Finally, plaintiff objects that Mr. Hall's opinions related to financial information obtained from Nova Industry Company Limited, a Chinese entity implicated in the alleged scheme, are irrelevant. To the contrary, such opinions are not irrelevant merely because the documents on which they are based were not part of the original quantum of evidence defendant considered in making his decision. It appears that they merely confirm what defendant already believed to be true and quantify the amount of Oxbow's losses allegedly attributable to plaintiff's actions. They certainly are a proper basis for an expert's opinion that financial misdeeds had occurred.

To the extent plaintiff seeks to preclude defendant *in limine* from presenting any of these documents directly in evidence, the court cannot foresee at this juncture whether the (hypothetical) submission of some portion of these documents in evidence would implicate any of the dangers sought to be avoided by Rule 403. ***See Berry***, 2013 WL 6271605 at *4 (unless evidence is not admissible on any basis, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context") (citation and internal quotation marks omitted). Plainly, the resolution of these questions is evidence-driven and cannot be resolved unless and until the evidence is presented at trial.

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Motion *In Limine* To Preclude Expert Testimony of David A. Hall, or, in the Alternative, for a *Daubert* Hearing** [#221], filed August 29, 2014, is **DENIED** in part and **DENIED** without prejudice in part, as follows:

    a.  That the motion to preclude the expert testimony of Mr. Hall *in limine* is **DENIED** without prejudice; and

    b.  That the motion for a *Daubert* hearing is **DENIED**; and

2.  That **Plaintiff Kirby Martensen's Motion In Limine To Preclude Defendant William Koch from Introducing or Referring to Documents from Nova Industry Company Limited** [#225], filed August 29, 2014, is **DENIED** without prejudice.

Dated February 6, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

9